## First Pennsylvania Banking and Trust Co. *v.* DeLise et al., Appellants.

Argued March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Rudolph J. DiMassa,* for appellants.

*Leo Francis Doyle,* with him *Heilner H. Gaul,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

This appeal is from an order of the court below discharging defendants' rule to open judgment.

The First Pennsylvania Banking and Trust Company confessed judgment against the defendants. The negotiable judgment note in question was made to Babco Aluminum Products, Inc., a home improvement contracting corporation, as payee and endorsed to the plaintiff bank.

A petition to open the judgment was filed setting forth the following grounds:

1. The Babco Aluminum Products, Inc., obtained defendants' signature by fraud;

2. The consideration for the note failed;

3. The plaintiff bank had notice of dishonor before negotiation;

4. The plaintiff bank had notice that a valid defense existed before endorsement.

An answer was filed denying the above allegations and depositions were taken. The record discloses that on September 7, 1955, Babco Aluminum Products and defendants entered into an agreement for certain alterations to the house of the defendants, stipulating that defendants execute a promissory note to the order of Babco Aluminum Products in the amount of $2320.66. The note was endorsed for value to the First National Bank of Philadelphia, predecessor to plaintiff.

Defendants, in their petition, claim that they were induced to sign the note by false representations as to the nature of the instrument by Babco Aluminum Products Co., Inc. It was also averred that plaintiff's predecessor in title had notice of dishonor prior to the date of the negotiation of the note.

Plaintiff denied any misrepresentations; it also denied receipt of notice of dishonor.

At the time of the taking of the depositions, it was stipulated that the plaintiff was a holder in due course

except as to notice of dishonor and notice that a valid defense existed against the note.

Defendants testified that it was their impression that the legal size paper which they signed concerned the repairs only. They did not, according to their version, suspect that they were signing a judgment note. It was not until after Babco Aluminum Products, Inc., began the work that the defendants were advised that the legal size paper was a judgment note. The note in question is dated October 10, 1955, for $2320.25 payable in thirty-six monthly installments of $64.46 each, beginning November 15, 1955. Defendants contend that they notified the bank that they would not honor the note because the repairs were not being made in a workmanlike manner and assert that the notice to the bank took place during the first week of October, 1955.

The bank, however, maintains that it first received notice from Mrs. DeLise, one of the defendants, on December 15, 1955, when she complained that the repairs were not satisfactory. Mr. Hanson, the bank supervisor, testified that the next time he heard from the defendants was on March 2, 1956, when Mr. DeLise complained that the work was unfinished. As to the instrument itself, the reverse side contains the following printed matter: "Pay to the Order of The First National Bank of Phila., Pa. Without Recourse except that the undersigned endorser warrants that the undersigned has furnished and installed all articles and materials and has fully completed all work which constitutes the consideration for which this note was executed and delivered by the maker. Babco Aluminum Products Co., Inc. Abe S. Mendelson."

The plaintiff bank introduced no testimony as to the date or circumstances of purchase of the note. There is evidence, however, that about the 9th or 10th

of September the note was signed and that a few days later, when some disagreement arose over the straightening of the floor, Mrs. DeLise was requested to call the bank and informed the bank that she was not going to pay for the repairs unless the kitchen would be fixed the way it was promised.

After depositions were taken, the matter was submitted to Judge LEWIS who has since retired from the bench. On July 11, 1957, the rule to open judgment was discharged and on March 6, 1958 an opinion was filed by Judge CARROLL setting forth his reasons for refusing to open judgment. It is from this decree that the defendants filed the appeal.

It is our opinion that the judgment should be opened and defendants be allowed to present their defense. A holder in due course is a holder who takes the instrument without notice that it is overdue or has been dishonored or of any defense against it. Uniform Commercial Code, Act of April 6, 1953, P. L. 3, section 3-302, 12A P.S. section 3-302. Defendants contend that they were induced to sign the note by fraud and misrepresentation and that they notified the bank that they would not pay the note which Babco either intended to or did assign. Section 3-307 (3) of the Uniform Commercial Code, supra, provides that after evidence of a defense has been introduced a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course. Since the plaintiff introduced no testimony as to the circumstances under which the note was negotiated and since the endorsement is not dated, plaintiff has not met the burden placed upon it. See *Colonial Finance Co. v. Hoover et al.*, 112 Pa. Superior Ct. 60, 170 A. 338. Where the makers of a negotiable instrument testify that it was fraudulently executed and used for

a purpose not intended, a breach of faith is sufficiently established to require the endorsee to assume the burden of proving that he is a holder in due course. Here, evidence of a defense has been shown and the holder has the burden placed upon him by the Code.

Had plaintiff bank introduced evidence to the effect that it received the note for value before maturity and without notice of any claim or defense, a refusal to open judgment would have been warranted. However, the telephone call from Mrs. DeLise to the bank, advising it of her refusal to pay unless certain things were done, was sufficient. Notice may be given in any reasonable manner. It may be oral or written and in any terms which identify the instrument and states that it has been dishonored. Uniform Commercial Code, supra, section 3-508 (3). As to the date of the notice, a question of fact has been raised, and this question is solely for the determination of the jury.

The other point in the appeal involves the question of fraud. The testimony of the defendants reveals that the Babco representatives gave them the impression that the instrument they were signing dealt with the matter of repairs only. Defendants aver that they never intended to sign a judgment note or any other negotiable instrument. On September 7, 1955, they entered into an agreement for repairs to be made in a workmanlike manner and to execute a promissory note at the completion thereof. Two days later Babco representatives called upon them to complete the details of repairs but instead had them execute a judgment note. This, if true, was an illegal imposition of liability on defendants. This misrepresentation induced them to sign the instrument without reasonable opportunity to obtain knowledge of its character.

It is urged, however, that some five months after the notice given to the bank, defendants voluntarily

began payments on the note and continued to do so until October, 1956, operated as a waiver of rights accruing from the notice of dishonor. The testimony of defendants show that payments were made only after threats of foreclosure and sheriff's sale of their property were made. Such payments, under duress, cannot be considered as a waiver of anything nor a ratification of their acts. The relevant factors and circumstances surrounding execution of the judgment note lead us to conclude that justice will be served in opening the judgment and allowing the question to be determined by a jury.

The order of the court below is reversed.