## Glosser Stores, Inc. v. Nationwide Mutual Insurance Company

*W. Louis Coppersmith,* for plaintiff.
*James E. O'Malley,* for defendant.

McWILLIAMS, J., August 9, 1968.—A complaint was filed by plaintiff, Glosser Stores, Inc., for judgment of $323.73, with interest from June 27, 1967, for the amount given to payee of check, one Paul E. Thornburg. Defendant maker, Nationwide Mutual Insurance Company, stopped payment of said check, and plaintiffs demanded payment from said maker defendant, alleging plaintiff is a holder in due course of said check. Said check has stated upon its face opposite the name Paul E. Thornburg, to whose order it was made payable, these words: "Upon acceptance pay to the order of" and shows it is for claim under Policy 54 A 589.753 ACC., date 6-17-67; insured: Paul E. Thornburg. On the back of same it is stated: "When this is 'full payment', endorsement hereon is a release of all claims the payee has for loss or damage, including all known and unknown personal injuries". Said check is payable through the Union National Bank of Pittsburgh, Butler, Pa.

Defendant's preliminary objections were dismissed. Defendant filed an answer stating check was a conditional draft and payable only on acceptance by defendant. Motion was made by defendant for judgment on the pleadings, and motion for summary judgment by plaintiff was made.

The check in question does not state, "upon acceptance by Nationwide Mutual Insurance Company". Further, it is quite obvious that "Upon acceptance pay to the order of" being opposite the name of the insured, and from the nature of the instrument itself, the acceptance refers to Paul E. Thornburg, and was in fact accepted by him by his endorsement and presentation to plaintiff for payment in plaintiff's course of business.

In the instant case, plaintiff by his averments which have not been specifically denied by defendant, is a

holder in due course: took the check for value, gave money for it in good faith, and was without notice that it was overdue, had been dishonored, and was without notice of any defense or claim to it on the part of any person: 12A PS §3-302, as amended in 1959. Also see First Pennsylvania Banking & Trust Co. v. DeLise, 186 Pa. Superior Ct. 398, 142 A. 2d 401 (1958).

In the absence of defendant's contention that the holder in due course dealt other than in good faith, said holder in due course will not be defeated in its right to recover from the drawer and maker defendant: Fehr v. Campbell, 288 Pa. 549, 137 Atl. 113 (1927). It is recognized that defendant in his answer, paragraph 5, has made what is equivalent to a general denial. By virtue of the opinion of this court, however, unless otherwise amended, same is inadequate.

Wherefore we now enter the following

## ORDER

Defendant's motion for judgment on the pleadings is denied, and defendant is given 20 days within which to file an amended answer to the complaint, otherwise, plaintiff's motion for summary judgment is granted as requested by plaintiff in the amount of $373.73, with interest from June 27, 1967.